**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTINA PONCE,

Defendant - Appellant.

No. 12-50002

D.C. No. 3:09-cr-04424-JAH-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 8, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Martina Ponce appeals her jury conviction and sentence for one count of

conspiracy, 18 U.S.C. § 371, three counts of bringing aliens to the United States for

financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii), three counts of bringing aliens to the

United States without presentation to a proper authority, 8 U.S.C. § 1324(a)(2)(B)(iii),

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and two counts of transportation of illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1**. Counts two through seven of the indictment charged Ponce with bringing three aliens to the United States, Martinez-Rosas, Lopez-Hernandez, and Cisneros-Del Carmen. Counts eight and nine charged Ponce with transportation within the United States of only Martinez-Rosas and Cisneros-Del Carmen, respectively. However, the jury instructions for counts eight and nine identified Lopez-Hernandez and Martinez-Rosas, respectively, as the transported aliens. The Government concedes that this was error. But, because Ponce did not object to the instructions, we review for plain error, and Ponce has the burden to establish prejudice. *United States v. Olano*, 507 U.S. 725, 732-35 (1993). Ponce has not done so. As to Martinez-Rosas, the district court's error in referencing the wrong count was plainly harmless. And, although Lopez-Hernandez was not named in count eight or nine, Ponce was well aware from the balance of the indictment and the evidence at trial that she was accused of smuggling Lopez-Hernandez into the country and subsequently transporting him. The evidence was overwhelming that she did so.

2

**2.** The district court did not err by admitting the foot guide's deposition testimony. The Government met its burden "to provide evidence at trial demonstrating the witness's unavailability," *United States v. Matus-Zayas*, 655 F.3d 1092, 1102 (9th Cir. 2011), as Ponce's trial counsel conceded.

**3.** Substantial evidence supported the convictions on counts two through seven. Ponce's co-conspirators were waiting near the border as the aliens were crossing, and the foot guide stayed with the aliens throughout the incident. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1035-36 (9th Cir. 2010). Ponce's co-conspirators testified that she had organized and directed the smuggling operation.

**4.** The district court did not err by finding that Ponce had smuggled, transported, or harbored more than 100 aliens and applying a sentencing enhancement under § 2L1.1(b)(2)(C) of the Sentencing Guidelines. Ample evidence, including Ponce's own statements, supported the finding.

**AFFIRMED.**